UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

  vs.                                   02 Civ. 4367 (LDW) (ETB)

INTRACOM CORPORATION, HYPERBARIC
SYSTEMS, INC., SURGICA CORPORATION,
ALFRED BRAUNBERGER, HARRY MASUDA,
LOUIS MATSON, LARRY BRYANT, COMCO, INC.
AND PAUL MAROTTA,

          Defendants.
----------------------------------------x

## FINAL CONSENT JUDGMENT
## AS TO DEFENDANT PAUL MAROTTA

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing a Complaint ("Complaint") on August 6, 2002, charging Paul Marotta ("Marotta") with aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]; and Marotta, having accepted service of the summons issued to him and the Complaint, having admitted to the jurisdiction of this Court over him and over the subject matter of this action, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations contained in the Commission's Complaint (except as to jurisdiction, which is admitted), having executed the attached Consent of Defendant Paul Marotta ("Consent") incorporated herein, and having consented to the entry of this Final Consent Judgment As To Defendant Paul Marotta ("Final Judgment") without further notice:

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY
OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Marotta be, and hereby is, permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme, or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as a result of the conduct alleged in the Complaint, Marotta is liable for disgorgement of $264,000, together with prejudgment interest thereon in the amount of $163,379, for a total of $427,379. Based on Marotta's sworn representations in his Statement of Financial Condition dated June 27, 2007, and other documents and information submitted to the Commission, however, the Court is not ordering Marotta to pay a civil penalty and payment of all but $50,000 of the disgorgement and

pre-judgment interest thereon is waived. Marotta shall satisfy this obligation by making payments in the following manner:

(A) Marotta shall pay $25,000 within ten days of the entry of this Final Judgment.

(B) Beginning ninety days from the entry of this Final Judgment, Marotta shall pay the remaining $25,000, plus post-judgment interest of $328.12 pursuant to 28 U.S.C. § 1961, in four equal quarterly installments of $6,332.03. The first quarterly installment payment shall be paid ninety days from the entry of this Final Judgment and each succeeding payment shall be paid ninety days from the date on which the immediately preceding payment was due.

(C) In the event that Marotta defaults on any of the payments required by this paragraph, at any time thereafter, the Commission, in its sole discretion, may declare the outstanding balance due and payable within ten days. On the date of such declaration, Marotta shall consent to the entry of a Default Judgment noting his default and ordering the payment of the then outstanding balance and post-judgment interest thereon, plus costs and reasonable attorney's fees incurred in entering and collecting the Default Judgment.

(D) Marotta may prepay the outstanding balance at any time without penalty, and if such prepayment is made post-judgment interest owed will be calculated accordingly.

Each of the foregoing payments shall be by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and

3

Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Paul Marotta as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. Marotta shall simultaneously transmit photocopies of such payment and letter to the David Stoelting, Senior Trial Counsel, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY 10281. Marotta relinquishes all legal and equitable right, title, and interest in such payments, and no part of the payments shall be returned to Marotta.

The determination not to impose a civil penalty and to waive payment of all but $50,000 of disgorgement and pre-judgment interest is contingent upon the accuracy and completeness of Marotta's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Marotta's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Marotta, petition the Court for an order requiring Marotta to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Marotta was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering

Marotta to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Marotta may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Federal Rule of Civil Procedure 65(d), this Final Judgment shall be binding on Marotta, his agents, servants, employees, attorneys, and upon those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Marotta shall not sell any stock issued to him or the Corporate Law Group by Hyperbaric and shall return such stock to Hyperbaric within ten days of the entry of this Final Judgment, and Marotta shall be prohibited from exercising any warrants received by him or the Corporate Law Group from Intracom and Surgica.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Marotta shall comply with all of the undertakings and agreements set forth therein.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there is no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is hereby ordered to enter this Final Judgment forthwith and without further notice.

# CONSENT OF
# DEFENDANT PAUL MAROTTA

1.  Defendant Paul Marotta ("Marotta"), having accepted service of the summons issued to him and the complaint in this action, having read and understood the terms of the annexed Final Consent Judgment As To Defendant Paul Marotta ("Final Judgment"), appears and admits the jurisdiction of this Court over him and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying the allegations contained in the Complaint of Plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consents to the entry, without further notice, of the Final Judgment in the form annexed hereto and incorporated by reference herein.

2.  Marotta agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Marotta pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Marotta further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Marotta pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

1

3. Marotta agrees that this Consent of Defendant Paul Marotta ("Consent") shall be incorporated by reference in and made part of the annexed Final Judgment with the same force and effect as if fully set forth therein.

4. Marotta agrees that he shall not sell any stock issued to him or the Corporate Law Group by Hyperbaric and shall return such stock to Hyperbaric within ten days of the entry of this Final Judgment, and that he shall be prohibited from exercising any warrants received by him or the Corporate Law Group from Intracom and Surgica.

5. Marotta waives the right, if any, to appeal from the Final Judgment.

6. Marotta enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Marotta to enter into this Consent.

7. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Marotta in this civil proceeding. Marotta acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Marotta waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Marotta further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Marotta understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

8. Marotta understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5(e). In compliance with this policy, Marotta agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Marotta hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Marotta breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Marotta's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

9. Marotta waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Marotta to defend

3

against this action. For these purposes, Marotta agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

10. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Marotta (i) agrees to appear and be interviewed by Commission staff at such reasonably convenient times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Michael O'Mullan, Esq., of Riker Danzig Scherer Hyland Perretti, LLP, Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962 as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Marotta's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Marotta in any United States District Court for purposes of enforcing any such subpoena.

11. Marotta acknowledges that the Court is not imposing a civil penalty and is waiving payment of all but $50,000 of disgorgement and prejudgment interest based on Marotta's sworn representations in Marotta's Statement of Financial Condition dated June 27, 2007, and other documents and information submitted to the Commission. Marotta further consents that if at any time following the entry of the Final Judgment the Commission obtains information indicating that Marotta's representations to the Commission concerning Marotta's

assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Marotta, petition the Court for an order requiring Marotta to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Marotta was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission may move the Court to consider all available remedies, including but not limited to ordering Marotta to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Marotta may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint; (3) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense.

12. Marotta will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

13. Marotta waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Marotta of

its terms and conditions. Marotta further agrees to provide counsel for the Commission, within twenty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Marotta has received and read a copy of the Final Judgment.

14. Marotta agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

15. Marotta agrees that the Commission may present the annexed Final Judgment to the Court for signature and entry without further notice.

Dated: 11/20/07

_____
**Paul Marotta**

STATE OF CALIFORNIA
                ) ss.:
COUNTY OF SAN MATEO

On this 20th day of NOV, 2007, before me personally appeared Paul Marotta, to me known to be the person who executed the foregoing Consent of Defendant Paul Marotta.

_____
Notary Public

SHALINI KALRA
COMM. #1694815
Notary Public-California
CONTRA COSTA COUNTY
My Comm. Exp. Sept 19, 2010

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE
Date: Central Islip, NY
3/14/08

6