UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

              **Plaintiff,**

vs.                                                   02 Civ. 4367 (LDW) (ETB)

INTRACOM CORPORATION, HYPERBARIC
SYSTEMS, INC., SURGICA CORPORATION,
ALFRED BRAUNBERGER, HARRY MASUDA,
LOUIS MATSON, LARRY BRYANT, COMCO, INC.
AND PAUL MAROTTA,

              **Defendants.**
-----------------------------------------------------------------x

## FINAL CONSENT JUDGMENT
## AS TO DEFENDANT ALFRED BRAUNBERGER

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing a Complaint ("Complaint") on August 6, 2002, charging Alfred Braunberger ("Braunberger") with violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c)], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]; and Braunberger, having accepted service of the summons issued to him and the Complaint, having admitted to the jurisdiction of this Court over him and over the subject matter of this action, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations contained in the Commission's Complaint (except as to jurisdiction, which is admitted), having executed the attached Consent of Defendant Alfred Braunberger ("Consent") incorporated herein, and having consented to the entry of this Final

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY
OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

Consent Judgment As To Defendant Alfred Braunberger ("Final Judgment") without further notice:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Braunberger, be, and hereby is, permanently enjoined and restrained from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Braunberger be, and hereby is, permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any securities by the use of any means or instrument of transportation or communication in interstate commerce or by the use of the mails:

- A. employing any device, scheme, or artifice to defraud;

- B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Braunberger be, and hereby is, permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

- A. employing any device, scheme, or artifice to defraud;

- B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that based on Braunberger's sworn representations in his Statement of Financial Condition dated August 1, 2007, and other documents and information submitted to the Commission, the Court is not ordering Braunberger to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Braunberger's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Braunberger's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Braunberger, petition the Court for an order requiring Braunberger to pay the the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Braunberger was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Braunberger to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final

Judgment. The Commission may also request additional discovery. Braunberger may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Federal Rule of Civil Procedure 65(d), this Final Judgment shall be binding on Braunberger, his agents, servants, employees, attorneys, and upon those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Braunberger shall comply with all of the undertakings and agreements set forth therein.

# CONSENT OF
## DEFENDANT ALFRED BRAUNBERGER

1.  Defendant Alfred Braunberger ("Braunberger"), having accepted service of the summons issued to him and the complaint in this action, having read and understood the terms of the annexed Final Consent Judgment As To Defendant Alfred Braunberger ("Final Judgment"), appears and admits the jurisdiction of this Court over him and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying the allegations contained in the Complaint of Plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consents to the entry, without further notice, of the Final Judgment in the form annexed hereto and incorporated by reference herein.

2.  Braunberger agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Braunberger pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Braunberger further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Braunberger pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there is no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is hereby ordered to enter this Final Judgment forthwith and without further notice.

3. Braunberger agrees that this Consent of Defendant Alfred Braunberger ("Consent") shall be incorporated by reference in and made part of the annexed Final Judgment with the same force and effect as if fully set forth therein.

4. Braunberger waives the right, if any, to appeal from the Final Judgment.

5. Braunberger enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Braunberger to enter into this Consent.

6. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Braunberger in this civil proceeding. Braunberger acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Braunberger waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Braunberger further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the

2

injunction in this action, Braunberger understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

7. Braunberger understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5(e). In compliance with this policy, Braunberger agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Braunberger hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Braunberger breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Braunberger's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

8. Braunberger waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Braunberger to defend against this action. For these purposes, Braunberger agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

9. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Braunberger (i) agrees to appear and be interviewed by Commission staff at such times

3

and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Peter J. Tomao, Esq., 226 Seventh Street, Suite 302, Garden City, NY 11530 as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Braunberger's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Braunberger in any United States District Court for purposes of enforcing any such subpoena.

10. Braunberger will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Braunberger waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Braunberger of its terms and conditions. Braunberger further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Braunberger has received and read a copy of the Final Judgment.

12. Braunberger agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

13. Braunberger agrees that the Commission may present the annexed Final Judgment to the Court for signature and entry without further notice.

*[signature]*
Alfred Braunberger

STATE OF WASHINTON
COUNTY OF Clallam ) ss.:

On this 5 day of Sept, 2007, before me personally appeared Alfred Braunberger, to me known to be the person who executed the foregoing Consent of Defendant Alfred Braunberger.

*[signature]* Jessica E Whittaker
Notary Public

*[Notary seal: Notary Public State of Washington JESSICA F. WHITTAKER MY COMMISSION EXPIRES March 22, 2008]*

SO ORDERED: *[signature]*

_____
UNITED STATES DISTRICT COURT JUDGE

Date: Central Islip, NY
3/14/08

5