CIV

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,      02 CIV 4367 (LDW)(ETB)

-against-

INTRACOM CORPORATION, HYPERBARIC
SYSTEMS, INC., SURGICA CORPORATION,
ALFRED BRAUNBERGER, HARRY MASUDA,
LOUIS MATSON, LARRY BRYANT, COMCO, INC.
AND PAUL MAROTTA,

      Defendants.

---

## FINAL CONSENT JUDGMENT
## AS TO DEFENDANT LARRY BRYANT

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing a Complaint ("Complaint") on August 6, 2002, charging Larry Bryant ("Bryant") with violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c)], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5], and Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)]; and Bryant, having accepted service of the summons issued to him and the Complaint, having admitted to the jurisdiction of this Court over him and over the subject matter of this action, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations contained in the Commission's Complaint (except as to jurisdiction, which is admitted), having executed the

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY
OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

attached Consent of Defendant Larry Bryant ("Consent") incorporated herein, and having consented to the entry of this Final Consent Judgment As To Defendant Larry Bryant ("Final Judgment") without further notice:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Bryant be, and hereby is, permanently enjoined and restrained from, directly or indirectly:

A.  unless a registration statement is in effect as to a security,

   1. making use of any means or instrument of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

   2. carrying or causing to be carried through the mails or in interstate commerce by any means or instrument of transportation any such security for the purpose of sale or for delivery after sale; or

B.  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order, or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act,

in violation of Sections 5(a) or 5(c) of the Securities Act [15 U.S.C. §§ 77e(a),(c)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Bryant be, and hereby is, permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any securities by the use of any means or instrument of transportation or communication in interstate commerce or by the use of the mails:

- A. employing any device, scheme, or artifice to defraud;
- B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Bryant be, and hereby is, permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

- A. employing any device, scheme, or artifice to defraud;
- B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Bryant be, and hereby is, permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, inducing or attempting to induce the purchase or sale of any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while not registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)], in violation of Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Bryant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Federal Rule of Civil Procedure 65(d), this Final Judgment shall be binding on Bryant, his agents, servants, employees, attorneys, and upon those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Bryant shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there is no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is hereby ordered to enter this Final Judgment forthwith and without further notice.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Bryant is liable for disgorgement representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon. Based on Bryant's sworn representations in his

Statement of Financial Condition dated August 8, 2007, and other documents submitted to the Commission, however, the Court is not ordering Bryant to pay a civil penalty and the payment of disgorgement and prejudgment interest thereon is waived. The determination not to impose a civil penalty and to waive payment of disgorgement and prejudgment interest is contingent upon the accuracy and completeness of Bryant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Bryant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Bryant, petition the Court for an order requiring Bryant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Bryant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Bryant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Bryant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-

judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability.

# CONSENT OF
# DEFENDANT LARRY BRYANT

1. Defendant Larry Bryant ("Bryant"), having accepted service of the summons issued to him and the complaint in this action, having read and understood the terms of the annexed Final Consent Judgment As To Defendant Larry Bryant ("Final Judgment"), appears and admits the jurisdiction of this Court over him and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying the allegations contained in the Complaint of Plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consents to the entry, without further notice, of the Final Judgment in the form annexed hereto and incorporated by reference herein.

2. Bryant agrees that this Consent of Defendant Larry Bryant ("Consent") shall be incorporated by reference in and made part of the annexed Final Judgment with the same force and effect as if fully set forth therein.

3. Bryant waives the right, if any, to appeal from the Final Judgment.

4. Bryant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Bryant to enter into this Consent.

5. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Bryant in this civil proceeding. Bryant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Bryant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Bryant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Bryant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

6. Bryant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5(e). In compliance with this policy, Bryant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Bryant hereby withdraws any papers filed in this action to the extent that they deny

any allegation in the Complaint. If Bryant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Bryant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

7. Bryant waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Bryant to defend against this action. For these purposes, Bryant agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

8. Bryant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Bryant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Bryant of its terms and conditions. Bryant further agrees to provide the Commission's counsel in this action within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Bryant has received and read a copy of the Final Judgment.

10. Bryant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

11. Bryant agrees that the Commission may present the annexed Final Judgment to the Court for signature and entry without further notice.

*[signature]*
Larry Bryant

STATE OF CALIFORNIA )
                      ) ss.:
COUNTY OF Riverside )

On this 5 day of Sept., 2007, before me personally appeared Larry Bryant, to me known to be the person who executed the foregoing Consent of Defendant Larry Bryant.

*[signature]*
Notary Public

> JENNIFER L. CASS
> Commission # 1725318
> Notary Public — California
> Riverside County
> My Comm. Expires Mar 11, 2011

SO ORDERED: *[signature]*

_____
UNITED STATES DISTRICT COURT JUDGE

Date: Central Islip. NY
3/14/08