UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,         :
                                            :
                     Plaintiff,             :
                                            :
          vs.                               :    02 Civ. 4367 (LDW) (ETB)
                                            :
INTRACOM CORPORATION, HYPERBARIC            :
SYSTEMS, INC., SURGICA CORPORATION,         :
ALFRED BRAUNBERGER, HARRY MASUDA,           :
LOUIS MATSON, LARRY BRYANT, COMCO, INC.     :
AND PAUL MAROTTA,                           :
                                            :
                     Defendants.            :
                                            :
---------------------------------------------------------------x

## FINAL CONSENT JUDGMENT
## AS TO DEFENDANT HARRY MASUDA

Plaintiff Securities and Exchange Commission ("Commission"), having commenced this action by filing a Complaint ("Complaint") on August 6, 2002, charging Harry Masuda ("Masuda") with violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c)], Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17 C.F.R. § 240.10b-5]; and Masuda, having accepted service of the summons issued to him and the Complaint, having admitted to the jurisdiction of this Court over him and over the subject matter of this action, having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and, without admitting or denying the allegations contained in the Commission's Complaint (except as to jurisdiction, which is admitted), having executed the attached Consent of Defendant Harry Masuda

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY
OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

("Consent") incorporated herein, and having consented to the entry of this Final Consent Judgment As To Defendant Harry Masuda ("Final Judgment") without further notice:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Masuda, be, and hereby is, permanently enjoined and restrained from, directly or indirectly:

A.  unless a registration statement is in effect as to a security,

   1.  making use of any means or instrument of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

   2.  carrying or causing to be carried through the mails or in interstate commerce by any means or instrument of transportation any such security for the purpose of sale or for delivery after sale; or

B.  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed as to such security, or while the registration statement is the subject of a refusal order or stop order, or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act,

in violation of Sections 5(a) or 5(c) of the Securities Act [15 U.S.C. §§ 77e(a),(c)].

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Masuda be, and hereby is, permanently enjoined and restrained from, directly or indirectly, in the offer or sale of any securities by the use of any means or instrument of transportation or communication in interstate commerce or by the use of the mails:

- A. employing any device, scheme, or artifice to defraud;

- B. obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)].

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Masuda be, and hereby is, permanently enjoined and restrained from, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

- A. employing any device, scheme, or artifice to defraud;

- B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5].

IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Masuda shall pay a civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C § 78u(d)]. Masuda shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Masuda as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Masuda shall simultaneously transmit photocopies of such payment and letter to the David Stoelting, Senior Trial Counsel, Securities and Exchange Commission, 3 World Financial Center, Room 400, New York, NY 10281. Masuda shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, pursuant to Federal Rule of Civil Procedure 65(d), this Final Judgment shall be binding on Masuda, his agents, servants, employees, attorneys, and upon those persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, implementing and enforcing the terms and conditions of this Final Judgment.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Masuda shall comply with all of the undertakings and agreements set forth therein.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there is no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of the Court is hereby ordered to enter this Final Judgment forthwith and without further notice.

# CONSENT OF
# DEFENDANT HARRY MASUDA

1.  Defendant Harry Masuda ("Masuda"), having accepted service of the summons issued to him and the complaint in this action, having read and understood the terms of the annexed Final Consent Judgment As To Defendant Harry Masuda ("Final Judgment"), appears and admits the jurisdiction of this Court over him and over the subject matter of this action, waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and, without admitting or denying the allegations contained in the Complaint of Plaintiff Securities and Exchange Commission ("Commission"), except as to jurisdiction, which are admitted, hereby consents to the entry, without further notice, of the Final Judgment in the form annexed hereto and incorporated by reference herein.

2.  Masuda agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Masuda pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Masuda further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Masuda pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

3. Masuda agrees that this Consent of Defendant Harry Masuda ("Consent") shall be incorporated by reference in and made part of the annexed Final Judgment with the same force and effect as if fully set forth therein.

4. Masuda waives the right, if any, to appeal from the Final Judgment.

5. Masuda enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Masuda to enter into this Consent.

6. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Masuda in this civil proceeding. Masuda acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Masuda waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Masuda further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Masuda understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

7. Masuda understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5(e). In compliance with this policy, Masuda agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Masuda hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Masuda breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Masuda's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

8. Masuda waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Masuda to defend against this action. For these purposes, Masuda agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

9. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Masuda (i) agrees to appear and be interviewed by Commission staff at such times and

3

places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Frank R. Ubhaus, Esq., of Berliner Cohen, 10 Almaden Boulevard, Suite 1100, San Jose, CA 95113 as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Masuda's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Masuda in any United States District Court for purposes of enforcing any such subpoena.

10. Masuda will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11. Masuda waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Masuda of its terms and conditions. Masuda further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Masuda has received and read a copy of the Final Judgment.

12. Masuda agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

13. Masuda agrees that the Commission may present the annexed Final Judgment to the Court for signature and entry without further notice.

_____
Harry Masuda

STATE OF CALIFORNIA
                    ) ss.:
COUNTY OF _____ )

On this _____ day of _____, 2007, before me personally appeared Harry Masuda, to me known to be the person who executed the foregoing Consent of Defendant Harry Masuda.

SEE ATTACHED CALIFORNIA ALL PURPOSE ACKNOWLEDGMENT

_____
Notary Public

SO ORDERED:

_____
UNITED STATES DISTRICT COURT JUDGE

Date: Central Islip, NY
3/14/08

5

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __SANTA CLARA__

On __SEPT. 14, 2007__ before me, __M. GONZALEZ, NOTARY PUBLIC__,
     Date                                Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared __HARRY MASUDA__
                            Name(s) of Signer(s)

☐ personally known to me

☒ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature __M. Gonzalez__
               Signature of Notary Public

[Notary Seal: M. GONZALEZ, Commission # 1725066, Notary Public - California, Santa Clara County, My Comm. Expires Mar 7, 2011]

Place Notary Seal Above

——————————— OPTIONAL ———————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: __FINAL CONSENT JUDGMENT AS TO DEF. HARRY MASUDA__

Document Date: __UNDATED__     Number of Pages: __10__

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907 v609    Reorder: Call Toll-Free 1-800-876-6827